1

2

3

4

5              IN THE UNITED STATES DISTRICT COURT

6            FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8   CHARLES E. DAVIS, JR.,                    1:08-cv-00107 LJO TAG (HC)

9              Petitioner,

10  vs.                                  **ORDER TRANSFERRING CASE TO THE**
                                         **NORTHERN DISTRICT OF CALIFORNIA**
11  B. CURRY, Warden,

12             Respondent.

13  _____/

14        Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28

15  U.S.C. § 2254, in which he challenges a decision reached by the Board of Prison Terms regarding his

16  suitability for parole.  Petitioner has paid the $5.00 filing fee for this action.

17        The federal venue statute requires that a civil action, other than one based on diversity

18  jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants

19  reside in the same state, (2) a judicial district in which a substantial part of the events or omissions

20  giving rise to the claim occurred, or a substantial part of the property that is the subject of the action

21  is situated, or  (3) a judicial district in which any defendant may be found, if there is no district in

22  which the action may otherwise be brought." 28 U.S.C.  §  1391(b).

23        In a habeas matter, venue is proper in either the district of conviction or the district of

24  confinement.  28 U.S.C. § 2241(d).  Where a petitioner attacks the execution of his sentence, the

25  proper forum in which to review such a claim is the district of confinement.  See Dunn v. Henman,

26  875 F.2d 244, 249 (9th Cir. 1989) (stating, in a 28 U.S.C. § 2241 action, that "[t]he proper forum to

27  challenge the execution of a sentence is the district where the prisoner is confined.").

28
                                         -1-

1    In this case, Petitioner was sentenced in Fresno County Superior Court, which is located

2  within the Eastern District of California.  He is currently incarcerated at California Training Facility,

3  in Monterey County, which lies within the Northern District of California.  Because the instant

4  petition is premised on events relating to Petitioner's parole proceedings, the Court construes it as a

5  challenge to the execution of Petitioner's sentence, as opposed to an attack on the conviction itself.

6  Thus, this matter should be addressed in the forum where Petitioner is confined.  Therefore, the

7  petition should have been filed in the United States District Court for the Northern District of

8  California.  In the interest of justice, a federal court may transfer a case filed in the wrong district to

9  the correct district.  See 28 U.S.C. § 1406(a);  Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir.

10  1974).

11    Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States

12  District Court for the Northern District of California.

13

14  IT IS SO ORDERED.

15  Dated:   **February 12, 2008**                        **/s/ Theresa A. Goldner**
                                                        UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21

22

23

24

25

26

27

28                                                        -2-